[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10420

_____

D. C. Docket No. 02-60967-CV-WJZ

STEVEN LERMAN,
JAMES TOWNSEND,
STEVE HOLT,
DAVID ECKLUND,
JAMES GAUGHAN,
TIMOTHY FALK,
FRANK DEL RIO,
FRED ROSS,
DAVID NICKERSON,
JIM WIGAND,
SAM WERNICK,
STEPHEN MEDLEY,
LAWRENCE LOSHEN,

Plaintiffs-Appellants,

STEPHEN LITTLEFIELD,

Plaintiff,

versus

CITY OF FORT LAUDERDALE, FL,
a political subdivision of the State of Florida,
CITY OF FORT LAUDERDALE POLICE OFFICERS'
AND FIREFIGHTERS' RETIREMENT BOARD,

Defendants-Appellees,

FRATERNAL ORDER OF POLICE LODGE 31,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2009)

Before BARKETT and HULL, Circuit Judges, and QUIST,[*] District Judge.

PER CURIAM:

Steven Lerman and twelve other police officers ("Police Officers") appeal from an adverse summary judgment in favor of the City of Fort Lauderdale and the Police Officers' and Firefighters' Retirement Board. The Police Officers sued the City claiming a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq . (2009) ( "ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes § 760.10 (2008). The Police Officers' claim concerns an early retirement incentive program that the City implemented following collective

_____

[*] Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

2

bargaining negotiations between it and the Officers' Union. The retirement plan at issue, the Deferred Retirement Option Program ("DROP"), is a voluntary early retirement program by which a Police Officer who elects to participate can earn early retirement benefits while continuing to work and draw a regular salary. However, in order to participate in these additional benefits, the officer has to submit an irrevocable letter of resignation to take effect at the termination of the DROP period for that employee and execute an "Acknowledgment, Waiver And Release Agreement" releasing all claims against the City pertaining to the program and its benefits. All of the Officers except James Gaughan, who never entered DROP, executed this Waiver which provides:

> In consideration for allowing me to participate in and derive the benefits of the DROP, to which I acknowledge I would not otherwise be entitled and which I have freely and voluntarily elected, I hereby release and discharge the City of Fort Lauderdale, Florida . . . from all claims, liabilities, demands and causes of action, whether known or unknown, fixed or contingent, which I may have or claim to have against the City . . . as a result of my employment with the City; including but not limited to my election to participate in the DROP and to voluntarily resign and retire on the date specified in my letter of resignation. I hereby promise not to file a lawsuit . . . . . This Waiver includes, but is not limited to, claims and liability under . . . employment discrimination laws such as the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621, et seq.), . . . [and] the Florida Civil Rights Act of 1992 . . . .

The Officers do not contend on appeal that this waiver was not knowing and voluntary as required under the Older Workers Benefit Protection Act

3

("OWBPA"), 29 U.S.C. § 626(f)(1)(A-H) (2009). Rather, they essentially argue that an employee cannot waive his or her rights under the ADEA. They contend that this view is reinforced by the passage of the Lilly Ledbetter Fair Pay Act ("LLFPA").

Having reviewed the record, we find no error in the district court's determination that on this record, the waiver at issue was knowing and voluntary and that an employee can waive his or her ADEA rights. See, e.g., Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426-7 (1998) (holding that an employee may waive ADEA rights if the waiver complies with the OWBPA); Lloyd v. Brunswick Corp., 180 F.3d 893, 895 (7th Cir. 1999) ("Employees are free to waive their ADEA rights.") (citation omitted).

Moreover, we reject the Officers' argument that the LLFPA somehow precludes application of the waivers they validly executed. The LLFPA was passed in response to the Supreme Court's decision in Lilly Ledbetter v. Goodyear Tire & Rubber, Co., 550 U.S. 618 (2007), which involved the statute of limitations in pay discrimination cases. We find the LLFPA inapplicable in this case and affirm the district court's ruling that the Officers, other than Gaughan, validly waived their rights under the ADEA.

As to Gaughan, the district court found on the merits that the DROP plan

4

was not discriminatory because the Police Officers had not shown that age "actually motivated" the City's decisions, see Ky. Ret. Sys. v. E.E.O.C., 128 S. Ct. 2361, 2366 (2008), and, even if it were, that the plan would be permitted under the safe harbor provision of the ADEA, 29 U.S.C. § 623(f)(2)(B)(ii). Having considered the arguments of the parties, we find no error in these determinations.

**AFFIRMED**.